UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| TONJA M. HALL,              )<br>                             )<br>         Plaintiff,          )<br>                             )<br>     v.                      )<br>                             )<br> UNITED STATES DEPARTMENT OF HOUSING )<br> AND URBAN DEVELOPMENT,       )<br>                             )<br>         Defendant.          ) | CASE NO. 1:11 CV 1944<br><br>JUDGE CHRISTOPHER A. BOYKO<br><br><br>MEMORANDUM OF OPINION<br>AND ORDER |

This action was removed to this Court from the Cleveland Municipal Court on September 14, 2011 by Defendant United States Department of Housing and Urban Development.  Plaintiff, Tonja M. Hall, alleges in the one-page Complaint that she "was accepted" to live at 15600 Terrace Road, Unit 311, on April 1, 2011.  She further alleges signs were placed shortly thereafter "mandating extermination (insects)," and that she is "allergic to exterminating."

Defendant filed a Motion to Dismiss on October 21, 2011, asserting Plaintiff fails to state a claim upon which relief can be granted, and that the Court lacks jurisdiction in any event, because there is no suggestion Plaintiff has yet to file a claim under the Federal Tort Claims Act.  Plaintiff has not filed a response to the Motion to Dismiss.

Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal* , 129 S.Ct. 1937, 1949 (2009).  The pleading standard Rule 8 announces does not require "detailed factual allegations," but it demands more than an unadorned, the-defendant-unlawfully-harmed-me

accusation. *Id.* A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Id.* Nor does a complaint suffice if it tenders naked assertion devoid of further factual enhancement. *Id.* It must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Id.* A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.* The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. *Id.* Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.' " *Id.* Even liberally construed, the Complaint does not contain allegations reasonably suggesting Plaintiff might have a valid claim, *see*, *Lillard v. Shelby County Bd. of Educ,*, 76 F.3d 716 (6th Cir. 1996)(court not required to accept summary allegations or unwarranted legal conclusions in determining whether complaint states a claim for relief), or even that a claim over which this Court has jurisdiction might exist.

Accordingly, the Motion to Dismiss is granted and this case is dismissed.

IT IS SO ORDERED.

    S/Christopher A. Boyko
    CHRISTOPHER A. BOYKO
    UNITED STATES DISTRICT JUDGE

December 16, 2011